United States District Court
Southern District of Texas
**FILED**

JUL 1 4 2021

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
July 14, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| MARK A. ESTRADA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:21-CV-0016 |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner MARK A. ESTRADA, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1). Petitioner is currently serving a sentence of life imprisonment in the Institutional Division of the Texas Department of Criminal Justice following a conviction by jury on a charge of murder out of the 139th Judicial District Court of Hidalgo County. In seeking federal habeas review, Petitioner raises claims of ineffective assistance of counsel and the constructive denial of counsel under the Sixth Amendment. (Dkt. Nos. 1-1 & 1-4).

Respondent has since made an appearance and filed a Motion for Summary Judgment (the "Summary Judgment Motion") (Dkt. No. 10) together with an electronic copy of the state court record (Dkt. No. 9).[1] Respondent seeks dismissal of the Petition on the grounds that it was filed outside the one-year limitations period imposed by 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Petitioner has not filed a response.

---

[1] Any citations to the state court record will refer to the docket entry, attachment, and page numbers appearing in the case management/electronic case-file (CM/ECF) system.

This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After review of the record and relevant law, the Magistrate Judge respectfully RECOMMENDS that the Summary Judgment Motion (Dkt. No. 10) be GRANTED, that the Petition (Dkt. No. 1) be DENIED, and that this case be DISMISSED. The Magistrate Judge also RECOMMENDS that a Certificate of Appealability be DENIED.

## I. OFFENSE BACKGROUND

The underlying offense of which Petitioner was convicted involved the brutal stabbing and murder of Imelda de Leon on Christmas Eve of 2007. As the case made its way through the state court system, the Thirteenth Court of Appeals of Texas had the opportunity to summarize the circumstances surrounding the murder and the strength of the State's case:

> At trial, the State presented substantial evidence of [Petitioner's] guilt. The evidence showed that [Petitioner] met the victim; invited her to his friend's home where he was staying at the time; engaged in intercourse with her; and had been alone with her when she suffered multiple fatal stab wounds. The evidence also showed that the stab wounds were not consistent with the victim suffering a convulsion or committing suicide, as [Petitioner] later claimed. Further, there was evidence that [Petitioner] put the victim's body in a trash can; left the scene on his friend's ATV; and later called his friend to warn him to clean up the blood that was left in the bathroom.

*Estrada v. State*, 2015 WL 1869574, at *3 (Tex. App.—Corpus Christi-Edinburg Apr. 23, 2015, pet. ref'd) (mem. op.).

## II. PROCEDURAL HISTORY

On February 26, 2008, a grand jury in Hidalgo County returned an indictment charging Petitioner with murder. (Dkt. No. 9-47 at 7).

On April 17, 2009, after a trial in the 139th Judicial District Court of Hidalgo County, a petit jury found Petitioner guilty as charged and sentenced him to a term of life imprisonment. (*Id.* at 218-19, 223-24).

Petitioner filed a direct appeal of the judgment with the Thirteenth Court of Appeals. *See Estrada v. State*, 2011 WL 3370407 (Tex. App.—Corpus Christi-Edinburg Aug. 4, 2011, pet. ref'd) (mem. op.). Eventually, appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), offering that there were no arguable grounds on which to advance on appeal. *Estrada*, 3370407, at *1. The appellate court agreed after an independent review of the record and affirmed the judgment. *Id.*

On April 25, 2012, the Texas Court of Criminal Appeals (the "TCCA") refused a request by Petitioner for discretionary review on direct appeal. (Dkt. No. 9-36).

On June 21, 2012, Petitioner filed with the trial court the first of two motions for post-conviction DNA testing under Article 64.01 of the Texas Code of Criminal Procedure.[2] (Dkt. No. 9-17 at 3-7). The trial court denied Petitioner's motion for DNA testing, and Petitioner appealed again to the Thirteenth Court of Appeals, which affirmed the order of denial. *Estrada v. State*, 2015 WL 1869574 (Tex. App.—Corpus Christi-Edinburg Apr. 23, 2015, pet. ref'd) (mem. op.).

On November 18, 2015, after refusing discretionary review, the TCCA rejected Petitioner's motion for rehearing for failure to comply with Rule 79.2(c) of the Texas Rules of Appellate Procedure, which generally requires "substantial intervening circumstances or . . . other significant circumstances" in support. (Dkt. Nos. 9-4 & 9-5).

---

[2] This is the date Petitioner signed the motion. (Dkt. No. 9-17 at 7). Under Texas' prison mailbox rule, the pleadings of pro se inmates, including petitions for state post-conviction relief, are deemed filed when they are delivered to prison authorities for forwarding to the court clerk. *Richards v. Thaler*, 710 F.3d 573, 577-79 (5th Cir. 2013) (citing *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010)). Petitioner's state post-conviction filings do not refer to the dates they were delivered to prison authorities, so they will be deemed filed as of the dates they were signed or notarized, whichever is later. *See Reisinger v. Lumpkin*, 2021 WL 1814696, at *1 n.3 (N.D. Tex. May 5, 2021); *see also United States v. Rosenblum*, 2005 WL 3262548, at *1 (S.D. Tex. Nov. 29, 2005) (citing *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Contrary to this authority, Respondent contends that the motion was filed on June 26, 2012 (Dkt. No. 10 at 3), or as of the date it was stamped "filed" by the clerk (*see* Dkt. No. 9-17 at 3). This minor discrepancy, however, does not affect the undersigned's conclusion that the Petition is time-barred.

On September 15, 2016, Petitioner filed his second post-conviction motion for DNA testing.[3] (Dkt. No. 9-24 at 4-16). The trial court denied this motion as well, and the Thirteenth Court of Appeals affirmed that decision on May 17, 2018. *Ex parte Estrada*, 2018 WL 2252942 (Tex. App.—Corpus Christi-Edinburg May 17, 2018, no pet.) (mem. op.). Petitioner acknowledges that he did not pursue further review as to this second motion for DNA testing. (*See* Dkt. No. 1-4 at 3).

On August 15, 2019, Petitioner filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure,[4] raising grounds of ineffective assistance of counsel and the constructive denial of counsel.[5] (Dkt. No. 9-60 at 64-99).

On December 16, 2020, the TCCA denied the application without written order. (Dkt. No. 9-59).

On December 31, 2020, Petitioner filed the Petition in this case.[6] (Dkt. No. 1).

On June 14, 2021, Respondent filed the Summary Judgment Motion. (Dkt. No. 10). Petitioner was then advised by the undersigned that, pursuant to Rules 7.3 and 7.4 of the Local Rules of the United States District Court for the Southern District of Texas, any response was due within 21 days. (Dkt. No. 11). Petitioner was further advised that, under Local Rule 7.4, the failure to respond would be taken as a representation of his non-opposition. (*Id.*). However, Petitioner has not filed a response to the Summary Judgement Motion.

---

[3] This is the date Petitioner signed the motion. (Dkt. No. 9-24 at 16). Respondent contends that the motion was filed on September 21, 2016 (Dkt. No. 10 at 3), or the date it was stamped "filed" by the clerk (Dkt. No. 9-24 at 4). Again, this minor discrepancy does not affect the conclusion that the Petition is time-barred.

[4] This is the date Petitioner signed the application and had it notarized. (Dkt. No. 9-60 at 96, 99).

[5] Respondent reserves the defense that Petitioner has failed to exhaust state remedies. (Dkt. No. 10 at 4).

[6] This is the date Petitioner declares he placed the Petition in the prison mailing system. (Dkt. No. 1 at 10). Like Texas' prison mailbox rule, a pro se prisoner's federal habeas corpus petition is deemed filed when it is handed to authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (per curiam).

### III.  LEGAL STANDARDS

#### A.  The One-Year Limitations Period

A federal habeas corpus petition filed after April 24, 1996, the effective date of the AEDPA, is subject to a one-year limitations period found at 28 U.S.C. § 2244(d).  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

Pursuant to § 2244(d)(1), the limitations period runs from the latest of four possible dates:

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Typically, the limitations period will begin to run under subsection (d)(1)(A), or the date on which the judgment became "final."  *See id.* § 2244(d)(1)(A).

Where, as here, a petitioner neither stops the appeal process before the entry of judgment by the TCCA nor pursues direct review with the Supreme Court, finality coincides with the expiration of the time to file a petition for certiorari with the Supreme Court, that is, 90 days after the TCCA enters judgment.  *See Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003).

#### B.  Statutory Tolling

Where certain circumstances are met, the limitations period is automatically subject to statutory tolling.  Section 2244(d)(2) provides that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [subsection (d)]." 28 U.S.C. § 2244(d)(2).  A habeas application under Article 11.07 qualifies as an "application for State post-conviction review."  *See Thomas v. Davis*, 2020 WL 8413598, at \*3 (S.D. Tex. Oct. 13, 2020), *report and recommendation adopted*, 2021 WL 372796 (S.D. Tex. Feb. 2, 2021).  Qualifying as "other collateral review" is a post-conviction motion under Article 64.01 for DNA testing.  *See Hutson v. Quarterman*, 508 F.3d 236, 239-40 (5th Cir. 2007) (per curiam).

According to the text of § 2244(d)(2), "a state post-conviction application triggers statutory tolling only if it is 'properly filed' and only while it remains 'pending.'" *Leonard v. Deville*, 960 F.3d 164, 168 (5th Cir. 2020).  A state habeas application is "properly filed" if it "conforms with a state's applicable procedural filing requirements[,]" *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999), meaning "those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review[,]" *id.* at 470 n.2.  An application that is not properly filed will not toll the limitations period.  *See Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir. 2009) (per curiam).  A state court's ruling as to whether an application is properly filed is generally dispositive.  *See Koumjian v. Thaler*, 484 F. App'x 966, 968 (5th Cir. 2012) (per curiam).

Although the federal courts "are sensitive to state law when determining whether a motion is still 'pending,' federal law still determines the time limits under AEDPA." *Lookingbill v. Cockrell*, 293 F.3d 256, 262 (5th Cir. 2002), *cert. denied*, 537 U.S. 1116 (2003).  In the context of § 2244(d)(2), "a state habeas application is pending . . . as long as the ordinary state collateral review process is in continuance, or, in other words, until the application has achieved final resolution through the State's post-conviction procedures." *Grillette v. Warden, Winn Corr. Ctr.*,

372 F.3d 765, 769 (5th Cir. 2004) (quoting *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002))

(quotations omitted). Included in this period is the day the application is filed through the day it

is decided. *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). Also included is any

time through the filing of a request for reconsideration by the TCCA and through the day of the

request's resolution. *See Lookingbill*, 293 F.3d at 261-62 (citing *Emerson v. Johnson*, 243 F.3d

931, 935 (5th Cir. 2001)); *see also Hooks v. Quarterman*, 224 F. App'x 352, 353-54 (5th Cir. 2007)

(per curiam).

Irrelevant for purposes of statutory tolling is a state habeas application filed after the federal

limitations period has already expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

## C. Equitable Tolling

The limitations period is not jurisdictional and thus subject to equitable tolling. *Holland v.*

*Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available only where the petitioner bears

the burden of showing (i) the diligent pursuit of their rights, and (ii) that some extraordinary

circumstance stood in their way and prevented timely filing. *Mathis v. Thaler*, 616 F.3d 461, 474

(5th Cir. 2010). "Courts must consider the individual facts and circumstances of each case in

determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629

(5th Cir. 2002) (per curiam) (citing *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000)

(per curiam)).

The diligence required for equitable tolling "is 'reasonable diligence,' not 'maximum

feasible diligence.'" *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Holland*, 560

U.S. at 653). In establishing diligence, a petitioner must refer to specific actions taken in pursuit

of their rights, including that they attempted to contact their attorney for information and

documents, requested documents from the clerk of court, or sought new counsel. *See Holland*,

560 U.S. at 653; *see also United States v. Barnes*, 2020 WL 6931287, at *2 (M.D. La. Nov. 24, 2020). Waiting too long to act, however, may cut against the petitioner. *See Haarmann v. Thaler*, 2011 WL 5155705, at *4 (S.D. Tex. Oct. 28, 2011). A petitioner must exercise diligence even if they receive inadequate legal representation, are abandoned by counsel, or otherwise fail to hear from counsel about the status of their case. *Manning*, 688 F.3d at 184 n.2, 185-86.

As for extraordinary circumstances, a pro se prisoner's ignorance of the law does not suffice. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Nor does a garden variety claim of excusable neglect, such as a simple miscalculation that leads to a missed filing deadline. *Holland*, 560 U.S. at 651-52 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)) (quotations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam). Typically, the petitioner must show they were actively misled about or prevented from asserting their rights. *See Patterson*, 211 F.3d at 930-31.

## IV. ANALYSIS

Here, the TCCA refused discretionary review on April 25, 2012, and Petitioner did not seek further direct review before the Supreme Court. His conviction became "final" on July 24, 2012,[7] the last day of the 90-day period for filing a petition for certiorari. Absent tolling, the AEDPA's limitations period was set to expire one-year later, or July 24, 2013.

Before the limitations period started running, Petitioner triggered statutory tolling by filing his first motion for DNA testing of June 21, 2012. Statutory tolling continued until November 18, 2015, when related appellate proceedings terminated with the rejection of Petitioner's motion for

---

[7] The alternative start dates for the running of the limitations period recognized by § 2244(d)(1)(B) through (D) do not appear to apply.

rehearing of the denial of discretionary review by the TCCA.  Absent further statutory tolling, the limitations period was then set to expire in mid-November 2016.

On September 15, 2016, almost ten months after the TCCA's rejection of the motion for rehearing, Petitioner triggered statutory tolling again by filing his second motion for DNA testing. This second round of tolling ended on May 17, 2018, when the Thirteenth Court of Appeals affirmed the trial court's denial of the motion and Petitioner ended the appellate review process. *See Dunham v. Stephens*, 2013 WL 5422882, at *2 (N.D. Tex. Sept. 27, 2013) (holding that motion for DNA testing tolled the limitations period until the intermediate appellate court affirmed the trial court's denial of the motion).  At that point, around two months were left of the limitations period, which was set to expire in mid-July 2018.

Over one-year later, on August 15, 2019, Petitioner filed his state habeas application. However, this application did not operate to trigger statutory tolling because it was filed after the limitations period had already expired.  The TCCA denied the application on December 16, 2020.

It was not until December 31, 2020 that the Petition was filed in this case—or around two years and five months past the deadline—and the record does not show that Petitioner is entitled to equitable tolling of the limitations period.

As for equitable tolling, Petitioner offers that he has been "very persistent" in pursuing his collateral rights through the filing of his motions for DNA testing.  (*See* Dkt. No. 1-4 at 4).  But this ignores a crucial gap during the state post-conviction proceedings.  Again, after the denial of the second motion for DNA testing, Petitioner still had two months left of the federal limitations period in which to file his state habeas application and trigger statutory tolling.  The fact that he waited more than one year to do so, however, does not reflect diligence in preserving federal review.  It is well established that equity is not intended for those who sleep on their rights.  *Mathis*,

616 F.3d at 474 (quoting *Wilson*, 442 F.3d at 875) (quotations omitted). Otherwise, Petitioner's status as a pro se litigant, and his presumed unfamiliarity with procedural filing rules, are not extraordinary circumstances. *See Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013) (per curiam). Nor does Petitioner assert that he was prevented by others from timely filing the Petition.

Because the Petition was filed after the limitations period had already expired (when accounting for statutory tolling), and equitable tolling does not otherwise apply, Petitioner's request for § 2254 relief is time-barred.

## V. CONCLUSION

### *Recommendation*

After review of the record and relevant law, the Magistrate Judge respectfully RECOMMENDS that the Summary Judgment Motion (Dkt. No. 10) be GRANTED, that the Petition (Dkt. No. 1) be DENIED, and that this case be DISMISSED.

### *Certificate of Appealability*

The Magistrate Judge must also address the matter of the issuance of a certificate of appealability ("COA").

A petitioner may not appeal the final order of a habeas corpus proceeding "unless a circuit justice or judge issues a [COA]." 28 U.S.C. § 2253(c)(1). Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts instructs that the District Court "must issue or deny a [COA] when it enters a final order adverse to the applicant." A petitioner is entitled to a COA when he shows that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); 28 U.S.C. § 2253(c).

Because the Magistrate Judge concludes that Petitioner fails to meet this threshold, the Magistrate Judge accordingly RECOMMENDS that a COA be DENIED.

### Objections

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### Directive to Clerk of Court

The Clerk of Court is DIRECTED to forward a copy of this report to Petitioner via certified mail, return receipt requested, and to Respondent by any receipted means.

DONE at McAllen, Texas this 14th day of July 2021.

J. SCOTT HACKER
United States Magistrate Judge